### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                    **CAUSE NO. 1:15CR1-LG-RHW-1**

**ANGEL CASE**

### MEMORANDUM OPINION AND ORDER DENYING
### DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [161] Motion for Compassionate Release filed by the defendant, Angel Case.  In her Motion, Case cites her medical conditions—including high blood pressure, stress, osteoarthritis, post-traumatic seizures, chronic kidney disease, major depressive disorder, Hepatitis C, and asthma—as well as the conditions at FCI Aliceville, where Case is currently being housed, as making her susceptible to severe illness or death if she were to contract COVID-19. The Government opposes Case's Motion, arguing that she (1) has not exhausted her administrative remedies, (2) has not demonstrated any extraordinary or compelling reason to grant a reduction, and (3) the § 3553 factors weigh against her release.

On March 31, 2015, Case was convicted of one count of possession with intent to distribute actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  The Court sentenced Case to 151 months' imprisonment, 5 years' supervised release, a $10,000 fine with interest waived, and a $100 special assessment.  Case is scheduled to be released on September 16, 2025.  She filed the instant Motion on April 22, 2021.

As an initial matter, Case has not exhausted her administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).  The Court finds, however, that Case's Motion fails on its merits. *Cf. United States v. Jefferson*, 831 F. App'x 685, 686 (5th Cir. 2020) (per curiam) (citation omitted) (noting that because exhaustion is not jurisdictional, and if the case is easily resolved on its merits, the court did not need to determine whether the case should have been dismissed on procedural grounds).

A court can reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.  *See* 18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has not issued a relevant policy since the First Step Act of 2018 ("FSA") amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to file motions for compassionate release.[1]  The old pre-FSA policy statement appears in U.S.S.G. § 1B1.13, and only applies to "'motion[s] of the Director of the Bureau of Prisons.'" *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (quoting U.S.S.G. § 1B1.13).  District courts are not bound by the policy statement nor the commentary but are bound only by § 3582(c)(1)(A)(i) and the § 3553(a) factors.  *Shkambi*, 993 F.3d at 393.  Courts nonetheless find § 1B1.13 informing to the analysis of what

---

[1] Prior to enactment of the First Step Act, only the Bureau of Prisons could file motions for compassionate release.

may be "extraordinary and compelling" to merit compassionate release. *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *see also United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020).

Here, the Court finds that Case's medical conditions do not justify release. Her medical conditions are not terminal and do not substantially diminish her ability to provide self-care in the institutional setting or otherwise present extraordinary and compelling reasons justifying compassionate release. *Thompson*, 984 F.3d at 433 (citing U.S.S.G. § 1B1.13 cmt. n.1(A)). The Court recognizes that chronic kidney disease, high blood pressure, and asthma can make Case more susceptible to serious illness should she contract COVID-19. *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 24, 2021). The record reflects, however, that Case is receiving medical care for these conditions. (*See* Medical Records, ECF Nos. 161-1, 161-2, 161-3, 161-4).

Case's generalized fear of contracting COVID-19 also does not justify compassionate release. *See Thompson*, 984 F.3d at 435. There are currently no confirmed cases at FCI Aliceville amongst inmates.[2] *See COVID-19 Cases*, Federal

---

[2] The Government claims that, at the time of filing, Case was being housed at FPC Bryan in Bryan, Texas. (*See* Gov.'s Resp., at 5, ECF No. 163). The record reflects that Case is currently being housed at FCI Aliceville. Nonetheless, there are currently no inmates with confirmed cases of COVID-19 at FPC Bryan. *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov.coronavirus/ (last visited May 24, 2021).

Bureau of Prisons, https://www.bop.gov.coronavirus/ (last visited May 24, 2021). This Court has repeatedly recognized that the BOP is taking significant measures to protect the health of the inmates in its charge. Thus, Case's claims, and generalized concerns of contracting COVID-19, are not an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A) justifying her release.

The § 3553(a) factors also disfavor a sentence reduction. *See* 18 U.S.C. § 3553(a). Case was convicted of one of the two counts listed against her in the indictment. She had a total offense level of 35 and a criminal history category of III. (Presentence Investig. Report ("PSR"), at ¶¶ 155, 161, at 27, 29, ECF No. 122). The PSR reflects that she has prior drug charges, including multiple arrests. (*See id.* at ¶¶ 157-167, at 29-30). The Court notes the letter in support of her release (*see* Ex. 8, ECF No. 161-8), and commends Case in the classes she has completed while incarcerated. (*See* Exs. 5-6, ECF Nos. 161-5, 161-6). However, Case's family support and educational accomplishments do not mitigate the seriousness of the offense. Requiring Case "to serve the remainder of [her] sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'" *Chambliss*, 948 F.3d at 694; *see also* 18 U.S.C. § 3553(a)(2)((A), (B). To prematurely release Case would potentially create an unwarranted disparity "among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6). For all these reasons, the Court finds that a reduction in Case's sentence would not reflect the gravity of her offense, nor provide adequate deterrence thereto.

Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [161] Motion

for Compassionate Release filed by the defendant, Angel Case, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 26th day of May, 2021.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE